1

2

3

4

5

6

7    UNITED STATES DISTRICT COURT
     WESTERN DISTRICT OF WASHINGTON
8    AT SEATTLE

9    LOWELL T. CORMIER, *et al.*,

10        Plaintiffs,

11        v.                                    Case No.  C04-2537L

12   DISCOVER BANK, *et al.*,                   ORDER REGARDING
                                                OUTSTANDING MOTIONS
13        Defendants.

14

15

16                          **I.  INTRODUCTION**

17        This matter comes before the Court on a motion for summary judgment filed by

18   defendants Patrick Layman; Krista White; Bishop, Lynch & White, P.S.; Bishop, White,

19   Miersma & Marshall, P.S.; and Discover Bank[1] (collectively, the "Discover defendants") (Dkt.

20   #37), and on a motion for summary judgment filed by Snohomish County Superior Court Judge

21   Richard Thorpe and Snohomish County Superior Court Judge Thomas Wynne (Dkt. #65).

22   Plaintiffs Lowell and Patsy Cormier, who are proceeding *pro se*, allege that the defendants

23   violated the Racketeer Influence and Corrupt Organization Act, 18 U.S.C. §§ 1961-1962

24   _____

25        [1] The parties refer to "Discover Financial Services" and "Discover Bank"
     interchangeably, so the Court assumes, as the parties do, that they are the same entity.  Discover
26   Financial Services filed joinders to the motions for summary judgment filed by the other
     defendants.  (Dkt. ##49, 69).
27

28   ORDER REGARDING
     OUTSTANDING MOTIONS- 1

("RICO").  Judge Thorpe and Judge Wynne argue that plaintiffs have not established any of the elements of a RICO claim, and that they are entitled to judicial immunity.  The Discover defendants argue that because plaintiffs alleged similar claims in state court, their current claims are barred by the doctrine of res judicata.  The Discover defendants also filed motions for sanctions.[2]  (Dkt. ##56, 62).  Because the motions are related, the Court considers them together.

For the reasons set forth below, the Court grants defendants' motions for summary judgment and grants Discover's motion for sanctions.

## II.  DISCUSSION

**A.   Background Facts.**

**1.     Plaintiffs' Prior Lawsuits.**

Discover Bank sued plaintiffs in Snohomish County Superior Court to collect a balance overdue on their Discover credit card.  The Honorable Richard Thorpe granted summary judgment in favor of Discover in March 2004 in Case No. 03-2-08625-6 ("Discover's lawsuit"). Judge Thorpe awarded Discover the full balance owing on the card plus attorney's fees and costs, dismissed plaintiffs' counterclaims, and vacated an arbitration award plaintiffs had obtained in their favor from a private arbitration group not approved by Discover.[3]  Shortly after receiving Discover's complaint, plaintiffs filed their own lawsuit against Discover, Snohomish County Superior Court Case No. 03-2-08068-1; that action was dismissed for failure to prosecute.  On March 3, 2004, the Snohomish County Superior Court Clerk, with Judge Thomas Wynne's approval, affixed his stamped signature to a writ of garnishment to facilitate Discover's collection on its judgment.

---

[2] The Discover defendants requested oral argument regarding their motions for sanctions but not for their dispositive motions.  Because the Court finds that this matter can be decided on the parties' memoranda, declarations, and exhibits, the Discover defendants' request for oral argument is denied.

[3] While Discover's lawsuit was pending, plaintiffs filed a lawsuit to affirm the arbitration award, Snohomish County Superior Court Case No. 04-2-03751-0.

ORDER REGARDING
OUTSTANDING MOTIONS- 2

In April 2004, after the time period had expired to appeal the judgment in Discover's lawsuit, the Cormiers filed a new lawsuit, Snohomish County Superior Court Case No. 04-2-09188-6.  The court granted Discover's motion to dismiss that case for failure to state a claim.  The court declined to award Rule 11 sanctions because of plaintiffs' *pro se* status, but found that the action "was not well grounded in fact nor was it warranted by existing law" and "that it was done with the intent to harass and cause unnecessary delay and needlessly increase the cost of litigation . . . ."  See Declaration of Patrick Layman ("Layman Decl."), Ex. 12 at p. 2.

### 2.      The Current Allegations.

Plaintiffs filed their complaint on behalf of themselves and "all others similarly situated" against the Discover defendants, Judge Richard Thorpe, and Judge Thomas Wynne.  Patrick Layman and his firm BWMM[4] represented Discover in the state court actions.  Although it is not entirely clear from the complaint, plaintiffs appear to allege that Layman is engaged in a debt collection fraud scheme, and the other defendants aided and abetted the fraud.  Plaintiffs allege that in furtherance of the scheme, Layman, on five occasions,[5] filed and/or served a "fraudulent security instrument that fraudulently claimed that [plaintiffs] were indebted to Discover Bank in a sum in excess of eleven-thousand five-hundred dollars."  Complaint at p. 4.  Plaintiffs allege that each time, Layman knew that the instrument was false but filed it "with the intention that [plaintiffs] rely on the fraud to [their] detriment."  Id.

Plaintiffs claim that they were "forced into judicial tyranny from judges such as Richard J. Thorpe, who either are or pretend to be, absolutely 'clueless'" or are "'on the take.'"  Id.

---

[4] The law firm of Bishop, Lynch & White, P.S. is now known as Bishop, White, Miersma & Marshall, P.S.  As the Discover defendants did, the Court refers to the firm collectively as BWMM.

[5] The five predicate acts alleged by plaintiffs are (1) filing Discover's lawsuit; (2) serving Discover's summary judgment motion; (3) filing and/or serving the motion to vacate the Cormiers' arbitration award; (4) entry of the summary judgment and the order vacating the arbitration award; and (5) issuance of the writ of garnishment.  Layman Decl. at ¶¶ 5, 7, 11, 12 15.

ORDER REGARDING
OUTSTANDING MOTIONS- 3

1  Plaintiffs' complaint contains the following allegation against defendant Bishop, Lynch &

2  White, P.S.:

> 3  [A]rtists such as Bishop, Lynch & White, P.S. invest as little as 75 cents on the hundred
>     dollar face amount for the worthless commercial paper, then allege they are third party
> 4  debt collectors attempting to collect for the original maker of the loan. Enterprises such
>     as Bishop, Lynch & White, P.S., in turn, mark up the worthless commercial paper and
> 5  resell to artists such as Layman, who, for a very small investment, use threat, coercion,
>     intimidation, and deception to defraud and extort money and property from parties such
> 6  as [plaintiffs].

7  Complaint at pp. 3-4.

8      At the time plaintiffs filed this lawsuit, they filed two others alleging RICO claims arising

9  out of their debt to Discover; all three cases are currently pending before this Court.

10 **B.    Summary Judgment Standard.**

11     On a motion for summary judgment, the Court must "view the evidence in the light most

12 favorable to the nonmoving party and determine whether there are any genuine issues of material

13 fact . . . ." Holley v. Crank, 386 F.3d 1248, 1255 (9th Cir. 2004).  All reasonable inferences

14 supported by the evidence are to be drawn in favor of the nonmoving party.  See Villiarimo v.

15 Aloha Island Air, Inc., 281 F.3d 1054, 1061 (9th Cir. 2002).  "[I]f a rational trier of fact might

16 resolve the issues in favor of the nonmoving party, summary judgment must be denied."  T.W.

17 Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 631 (9th Cir. 1987).

18 **C.    The Motion for Summary Judgment.**

19         **1.    No Allegations Against Ms. White.**

20     The Discover defendants argued in their motion that summary judgment is appropriate in

21 favor of defendant Krista White because the only references to her in the complaint are in the

22 caption and prayer for relief; the complaint is devoid of any factual or legal allegations of

23 wrongdoing.  Plaintiffs did not respond to that argument or move to amend their complaint;

24 accordingly, the claims against Ms. White must be dismissed.

25         **2.    Failure to Establish RICO Claim Elements.**

26      A plaintiff asserting a RICO claim must prove four elements, including (1) the conduct

27

28 ORDER REGARDING
   OUTSTANDING MOTIONS- 4

(2) of an enterprise (3) through a pattern (4) of racketeering activity.  See, e.g., Rotella v. Wood, 528 U.S. 549, 552 (2000).  Plaintiffs have shown no evidence of the existence of a RICO enterprise, which can include a "group of persons associated together for a common purpose of engaging in a course of conduct."  United States v. Turkette, 452 U.S. 576, 583 (1981).  Instead, they made only conclusory allegations.  Plaintiffs have also failed to establish a pattern of racketeering activity, which involves two or more predicate offenses and a nexus between the pattern of racketeering activity and the enterprise.  See, e.g., H.J. Inc. v. Northwestern Bell Telephone Co., 492 U.S. 229, 237-38 (1989).  Although plaintiffs allege that defendants entered into "sworn agreements" to defraud the Cormiers, they have not identified those agreements or provided any evidence to support their existence.  Plaintiffs' vague allegations of the filing of "false" writings do not comply with the requirement of pleading fraud with particularity set forth in Fed. R. Civ. P. 9(b), which applies in RICO cases.  See Moore v. Kayport Package Express, Inc., 885 F.2d 531, 541 (9th Cir. 1989) (explaining that Rule 9(b) requires, among other things, a statement of the specific content of the false representation).  Finally, plaintiffs have not established the RICO element of an injury.  They have not alleged specifically how they were injured; instead, they make vague allegations that they have "been deprived of business opportunities and been damaged in [their] business enterprises."  Complaint at p. 7.

Plaintiffs responded to the summary judgment motions, but did not respond to the substantive allegations.  Instead, they allege that defendants' exhibits, various documents filed in the state court cases, were not properly authenticated.  However, the Court can and does take judicial notice of the documents under Federal Rule of Evidence 201(b).  See, e.g., Burbank-Glendale-Pasadena Airport Auth. v. City of Burbank, 136 F.3d 1360, 1364 (9th Cir. 1998) (taking judicial notice of filings in related state court action).  Furthermore, Judge Thorpe and Judge Wynne filed with their reply a declaration from the Lead Deputy Clerk in the Records Division of the Snohomish County Clerk's Office, which cures any authentication deficiency.  Declaration of Dena Strauss, Dkt. #72.  Because plaintiffs have failed to meet the requirements

ORDER REGARDING
OUTSTANDING MOTIONS- 5

1    of RICO, their claims must be dismissed.

2         **3.    Additional Grounds to Dismiss Judicial Defendants.**

3         Judge Thorpe's and Judge Wynne's roles in the relevant events were very limited.  Judge

4    Thorpe granted Discover's motion for summary judgment, vacated the Cormiers' arbitration

5    award, and awarded attorney's fees.  Judge Wynne approved the writ of garnishment.  Judge

6    Thorpe and Judge Wynne argue that they are entitled to judicial immunity because they

7    performed the relevant acts in their official capacities.  See, e.g., Ashelman v. Pope, 793 F.2d

8    1072, 1075 (9th Cir. 1986) (explaining that judges are "absolutely immune" from damage

9    liability for acts performed in their official capacities).  Plaintiffs do not dispute that contention

10   or provide any evidence to undermine it.  Therefore, the Court finds that Judge Wynne and

11   Judge Thorpe enjoy judicial immunity for the acts about which plaintiffs complain, and the

12   claims against them must be dismissed.

13        **4.    Additional Grounds to Dismiss the Discover Defendants.**

14        The Discover defendants allege that plaintiffs' claims against them are barred by the

15   doctrine of res judicata because their claims either were or could have been adjudicated in the

16   state court actions.  The issue must be analyzed under Washington law because this Court gives

17   the same preclusive effect to the state court judgment as would the state court.  See, e.g.,

18   Feminist Women's Health Ctr. v. Codispoti, 63 F.3d 863, 867 (9th Cir. 1995) (citing Migra v.

19   Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81 (1984)).  "Under Washington law, claim

20   preclusion means 'a plaintiff is not allowed to recast his claim under a different theory and sue

21   again. . . .  All issues which might have been raised and determined are precluded.'"  Id.

22   (quoting Shoemaker v. City of Bremerton, 109 Wn.2d 504 (1987)).  The doctrine therefore bars

23   not only claims that were actually brought, but ones which could have been raised in the prior

24   action.  See, e.g., Feminist Women's Health Ctr., 63 F.3d at 867, 868 (finding new RICO claim

25   barred by res judicata because it could have been brought during the prior litigation with due

26   diligence). Res judicata bars a subsequent action "when a prior judgment concurs in identity

27

28   ORDER REGARDING
     OUTSTANDING MOTIONS- 6

1    with the subsequent action in four respects: '(1) subject matter; (2) cause of action; (3) persons

2    and parties; and (4) the quality of the persons for or against whom the claim is made.'" Id.

3    (quoting Rains v. State, 100 Wn.2d 660, 663 (1983)).

4         Plaintiffs did not respond to the res judicata argument.  Instead, they engage in a personal

5    attack on the various courts that have considered their claims.  Plaintiffs also allege that the

6    Court is without the power to grant summary judgment, which is simply incorrect.  Therefore,

7    the Court analyzes whether the Discover defendants have established the necessary elements of

8    res judicata.

9         The first two elements are clearly met.  See, e.g., Rains, 100 Wn.2d at 664 (setting forth

10   factors including whether rights in prior suit would be destroyed or impaired by prosecution of

11   the later suit, whether the same evidence would be presented, and whether the actions arose out

12   of the same transaction or nucleus of facts).  The state court cases and this case all arise out of

13   the same transaction and nucleus of facts surrounding plaintiffs' debt on their Discover card.  In

14   this case and the state court cases, the Cormiers alleged that the debt was obtained by fraud and

15   that the Discover defendants engaged in fraud in their representations to the courts.[6]

16   Furthermore, in the state court actions, plaintiffs alleged that the debt was void due to fraud,

17   which if proven, would have been a defense to Discover's action to enforce the debt.  The rights

18   that Discover obtained in the state court action to collect on the debt would be destroyed if

19   plaintiffs were allowed to prosecute the current action alleging fraud in the creation of the debt.

20   Plaintiffs have not alleged that they were unable to bring their RICO claim earlier.

21        The second two elements are met regarding Discover, which was a party to the state court

22

23   ─────────────────

24        [6] See Layman Decl., Ex. 10 at p. 2 (plaintiffs' state court complaint, which was dismissed
     for failure to state a claim, accused Layman, White, and BWMM of committing "felony fraud by
25   advancing writings which [they] knew were false" with intent to deprive the Cormiers of their
     property and rights); Ex. 10 at p. 5 (accusing Discover of violating its own agreements with its
26   attorneys as "Accessories to Collusion and Conspiracy in the Client/Lender's 'Bad-Check-Loan-
     of Credit'").
27

28   ORDER REGARDING
     OUTSTANDING MOTIONS- 7

1  actions.  The Court next considers whether Layman and BWMM, who were not named as

2  defendants in the state courts actions, were in privity with Discover.  The doctrine of privity

3  "extends the conclusive effect of a judgment to nonparties who are in privity with parties to an

4  earlier action."  United States v. ITT Rayonier, Inc., 627 F.2d 996, 1003 (9th Cir. 1980).

5  "Courts are no longer bound by rigid definitions of parties or their privies for purposes of

6  applying collateral estoppel or res judicata."  Id.  Courts apply the doctrine in a variety of

7  situations, including where a non-party "had a sufficient interest and participated in the prior

8  action."  Id. (internal citations omitted).  The mere fact that Layman and BWMM represented

9  Discover in the state court litigation is insufficient to establish privity.  However, the Cormiers

10  made specific allegations against the law firm defendants in the state court litigation.  Therefore,

11  Layman and BWMM had substantial personal interests in the state court litigation as well as

12  significant involvement.  See, e.g., id. (finding that government agencies were in privity because

13  their interests were identical, their involvement "sufficiently similar," and they shared "more

14  than an abstract interest" in the outcome); see also Pedrina v. Chun, 97 F.3d 1296, 1302 (9th

15  Cir. 1996) (finding that RICO claim against corporate officers in their individual capacities was

16  barred; they were in privity with the corporation because they were "accused of participating in

17  the same criminal wrongdoing with which the corporation was charged previously").  Moreover,

18  the parties are qualitatively the same because Layman and BWMM were the legal agents of

19  Discover, and the Cormiers sued them precisely because of that representation.

20       Accordingly, the Court finds that plaintiffs could have brought their RICO claim in the

21  state court actions, and the claim is now barred by res judicata.

22  **D.     The Motions for Sanctions.**

23       The Discover defendants request that this Court impose sanctions against plaintiffs for

24  filing a frivolous complaint.  The law firm defendants have moved pursuant to both Rule 11 and

25  the Court's inherent powers.  However, they did not serve notice of the motion as required by

26  Fed. R. Civ. P. 11(c)(1)(A).  Accordingly, the Court denies their request for sanctions under

27

28  ORDER REGARDING
    OUTSTANDING MOTIONS- 8

1    Rule 11.  Although the Court has the inherent authority to impose monetary sanctions, it

2    declines to exercise that power here because doing so would allow the law firm defendants to

3    circumvent the notice provision in the rule.

4        Discover has also moved for sanctions.  Plaintiffs have filed several memoranda in

5    opposition to Discover's motion for sanctions and argued that the motion should be denied

6    because Discover has not complied with the notice provision of Rule 11.  However, Discover's

7    filings demonstrate that it complied with the notice requirement.

8        Pursuant to Fed. R. Civ. P. 11, sanctions may be imposed if the complaint is either (1) not

9    well grounded in fact and warranted by existing law (or a good faith extension of the law); or (2)

10   made for any improper purpose.  See, e.g., Golden Eagle Distrib. Corp. v. Burroughs Corp., 809

11   F.2d 584, 586 (9th Cir. 1987).  The Ninth Circuit has held that the imposition of sanctions is

12   appropriate "[w]hen a reasonable investigation would reveal that a claim is barred by res

13   judicata or collateral estoppel."  Estate of Blue v. County of Los Angeles, 120 F.3d 982, 985

14   (9th Cir. 1997); see also Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (affirming

15   imposition of sanctions where second action involved the same parties and "transactional

16   nucleus of fact" as the first suit and sought "to relitigate issues that were conclusively resolved

17   in the prior suit").

18       Plaintiffs' complaint is not well grounded in fact or warranted by existing law and

19   appears to have been brought with the intent to harass.  As set forth more fully above, plaintiffs

20   have failed to establish any element of a RICO claim, they have offered no substantive

21   arguments to counter the dispositive motions, and their RICO claim against the Discover

22   defendants is barred by res judicata.  Furthermore, the order dismissing one of plaintiffs' state

23   court complaints specifically found that the complaint was not well grounded in fact and was

24   filed with the intent to harass, cause delay, and increase the costs of litigation.  Layman Decl.,

25   Ex. 12, p. 2.  Although that court declined it impose sanctions, the order stated, "These pro se

26   parties are now aware of the . . . failures of their legal position."  Id. at p. 3 (illegible word

27

28   ORDER REGARDING
     OUTSTANDING MOTIONS- 9

preceding "failures" omitted).  Instead of being deterred by the adverse findings in their state court actions, plaintiffs filed three federal court actions, which, like their state court actions, all arise out of their debt to Discover and allege a conspiracy to defraud them.  Plaintiffs' repeated filing of baseless lawsuits reflects an intent to harass these defendants and obtain retribution for their roles in enforcing the debt.  Moreover, Rule 11 explicitly applies to unrepresented parties.  Imposing some sanctions on plaintiffs is appropriate to accomplish Rule 11's goal of deterrence, a goal which dismissal alone has not achieved.  Having found that sanctions are warranted, the Court next considers the appropriate amount.  Discover requests attorney's fees in the amount of $7,000 and terms in the amount of $2,000.  Discover's counsel states that they have spent over 26 hours representing Discover in this matter, including reviewing the voluminous state court records, at their hourly rates of $250 and $350.  In light of plaintiffs' *pro se* status and the fact that Discover joined in the motions rather than drafting its own, the Court declines to impose the full amount requested, and instead finds that imposing sanctions in the amount of $3,000 is appropriate under the circumstances and the purposes of Rule 11.

Finally, the Discover defendants request that the Court enter a bar order against plaintiffs for their repeated filing of frivolous lawsuits arising out of the debt to Discover.  The Court defers ruling on that issue until after it has ruled on the pending motions in the two related cases.

### III.  CONCLUSION

For all of the foregoing reasons, the Court GRANTS the Discover defendants' motion for summary judgment (Dkt. #37), GRANTS Judge Wynne's and Judge Thorpe's motion for summary judgment (Dkt. #65), DENIES the law firm defendants' motion for sanctions (Dkt. #56), and GRANTS Discover's motion for sanctions (Dkt. #62) in the amount of $3,000 which shall be paid within thirty days of the date of this Order.  Plaintiffs' claims against all defendants are dismissed with prejudice.  The Clerk of Court is directed to enter judgment in favor of

ORDER REGARDING
OUTSTANDING MOTIONS- 10

1    defendants and against plaintiffs.

2

3    DATED this 15th day of September, 2005.

4

5    _MMS Lasnik_

6    Robert S. Lasnik
     United States District Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER REGARDING
     OUTSTANDING MOTIONS- 11